**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania acting in her official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Milne Scali & Company; Milne Scali & Company-East Valley LLC; BNC Insurance Services, Inc.,<br><br>    Defendants.<br>_____<br>Milne Scali & Company<br><br>    Counter-claimant<br><br>vs.<br><br>M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania acting in her official capacity as Statutory Liquidator of Legion Insurance Company and Villanova Insurance Company<br><br>    Counter-Defendant | No. CV 05-2182-PHX-MHM<br><br>**ORDER** |

Currently, before the Court is Plaintiff M. Dianne Koken's ("Plaintiff") Motion for Leave to File Supplemental Reply Memorandum of Law in Further Support of Her Motion

1  to Dismiss Defendants' Counterclaim. (Dkt.#39). After reviewing the pleadings, the Court
2  issues the following Order.

3  **I.     Background**

4  Plaintiff moves this Court for leave to file a supplemental reply in support of
5  Plaintiff's pending Motion to dismiss Defendant/Counter-claimants Milne Scali & Company,
6  Milne Scali & Company-East Valley LLC and BNC Insurance Services, Inc.'s (collectively
7  "Milne Scali" or "Defendants") counterclaim. (Dkt.#13). Plaintiff's basis for filing the
8  supplemental reply is that a recent decision from the Eastern District of Virginia, CV05-
9  00858, is relevant and favors the Plaintiff's position regarding her pending motion.
10 Defendants object to the supplemental pleading and in the alternative requests that they be
11 granted permission to file a response.

12 **II.    Analysis**

13 Rule 15(d), Fed.R.Civ.Pro. provides in pertinent part:

14
15
16
17
> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

18 Here, Plaintiff seeks the Court to permit the supplemental pleading based upon an
19 occurrence subsequent to her Reply brief in support of her Motion to dismiss Plaintiff's
20 counterclaim filed on December 14, 2005. (Dkt.#24). Specifically, a ruling from another
21 district court that allegedly addressed a nearly identical issue before this Court.

22 Defendants object on several bases in opposing Plaintiff's Motion for leave.
23 Specifically, Defendants argue that Plaintiff should have not attached her supplemental reply
24 to her Motion for leave and that because the order from the Virginia District Court is an
25 unpublished decision Plaintiff cannot cite to it. However, both of these arguments are not
26 persuasive. First, allowance or denial of leave to file a supplemental pleading is addressed
27 to the sound discretion of the district court. Keith v. Volpe, 858 F.2d 467, 475 (9th Cir. 1988)
28 (noting that permitting supplemental pleadings is within discretion of trial court and Rule

1 15(d) is liberally construed absent a showing of prejudice to the other party). Here,
2 Defendants point to no prejudice as a result of Plaintiff's supplemental pleading, especially
3 in light of the fact that Defendants will be permitted to file a supplemental response. Second,
4 the fact that the District of Virginia ruling upon which Plaintiff relies is an unpublished
5 opinion does not somehow preclude the Court from referring to it. Defendants citation to
6 Ninth Circuit Local Rule 36-3, which prohibits citation to unpublished Ninth Circuit opinions
7 is not persuasive as that Rule does not address opinions from other courts. See Herring v.
8 Teradyne, Inc., 256 F. Supp.2d 1118 (S.D. Cal. 2002) (noting that Ninth Circuit rule
9 governing citation of unpublished decisions does not bar district court from considering
10 unpublished decisions of other federal district courts for persuasive authority).

11 Thus, because there is no resulting prejudice by consideration of Plaintiff's
12 supplemental reply and the Court is permitted to consider it, Plaintiff's Motion for Leave to
13 File a Supplemental Reply is granted. Moreover, in the interest of fairness, Defendants will
14 be permitted to file a supplemental response to Plaintiff's supplemental reply.

15 **Accordingly,**

16 **IT IS HEREBY ORDERED** granting Plaintiff's Motion for Leave to File
17 Supplemental Reply Memorandum of Law in Further Support of Her Motion to Dismiss
18 Defendants' Counterclaim. (Dkt.#39).

19 **IT IS FURTHER ORDERED** that Defendants are granted leave to file a
20 supplemental response to Plaintiff's supplemental reply no later than June 28, 2006.

21 DATED this 13th day of June, 2006.

_____
Mary H. Murguia
United States District Judge